ALLREAD, J.
The coal company brought an action against the oil company to recover damages in the amount of fifty thousand dollars based upon the alleged negligence of the oil company in allowing oil to escape from its well and percolate into the mine operated by the coal company, whereby in the ordinary operation of the mine a fire was started and still rages in plaintiff’s coal mine.
The coal company owns certain coal lands and holds,a lease from The Hocking Valley Products Company of certain contiguous coal lands upon which the coal company was operating a coal mine.
The oil company has an oil and gas lease from the same lessor covering the lands leased by the coal company, together with other contiguous lands and has certain oil wells in operation.
It is charged in the petition that the oil company, so carelessly and negligently operated its oil wells particularly well No. 19 as to permit the escape of oil and its percolation into the strata of coal forming the facing of the coal company’s mines *318 and that in the operation of said mines an ordinary and usual explosion occurred, starting the fire, above referred to.
One issue tendered in the answer was to the effect that the coal company has extended its mining operations beyond the limits of its lease and into territory upon which it had no mining rights.
There was evidence tending to prove that well No. 19 of the oil company was not located upon the territory included in the coal company’s lease.
There was also evidence tending to show that the coal company’s employes had extended its mining operations beyond the limits of its lease in the direction of well No. 19.
There is also evidence tending to prove that in mining operations it is difficult for operators to determine when the exact boundary line of the lease was reached; that the lessor had been asked to furnish a surveyor, but that the agent of the lessor had stated that it made no difference whether the exact line was passed or not, as the coal could not be mined by anyone else.
There was testimony on behalf of the oil company tending to contradict the statement that it would consent to the extension of the mining operations beyond the exact boundary line of the lease.
The court charged the jury in substance that the oil company owed the coal company no duty in respect to confining its oil if the coal company was at the time and place of the explosion mining coal upon the land beyond its own premises and thereby closer to the defendant’s oil well.
There are several paragraphs in the charge upon this subject, all of which are consistent and to the effect that the coal company could not recover if defendant's operations at the time and place of the explosion were upon the land which it had no rights under the lease or license.
There was a verdict and judgment in the trial court for the defendant. The case is brought here upon petition in error and the chief, if not the only error assigned is in relation to' the charge of the court in respeet to the right of plaintiff to recover in case his operations had extended beyond the limits of its lease or license.
*319 It must be remembered that the oil company had no coal rights, but only the right to drill and operate oil and gas wells. The coal company by extending across the line of its lease on the other lands of the lessor was violating no property right of the oil company.
Defendant in error relies largely upon the case of Wheeling & L. E. Ry. v. Harvey, 77 Ohio St., 240 [83 N. E. 66; 19 L. R. A. (N. S.) 1136; 11 Ann. Cas. 981; 122 Am. St. 503]. We think, however, there are two very important distinctions between that case and the one at bar, first, the plaintiff here is not a trespasser against any of the defendant’s rights and, second, a statutory obligation which can not be limited merely to the owner of the land adjacent as claimed to have been violated.
In respect to the first definition, we think that the court is not entitled to say as a matter of law that the mere fact that the coal company has extended its operations beyond the territory included in its lease or license prevents recovery.
If the coal company was in fact a trespasser, it was between the coal company and its lessor. It is no defense in favor of' the oil company.
In 29 Cyc., 443, it is said:
“To relieve one from liability on the ground that the injured person is a trespasser, the premises must belong to the person whose negligence is complained of.”
A number of cases are cited in support of that proposition and we think it is sustained by the great weight of authority.
Upon the second proposition the statute (Sec. 945 G. C.) fixed the duty of the oil company in drilling and maintaining wells through coal mines.
The duty so imposed by statute does not depend upon the legal title to the coal in the neighborhood of the oil well.
The statute was intended not only to fix the respective duties of the operator of the oil well and of the owner of the coal mine, but to make the operation of the coal mine safe and to prevent the starting of destructive fires.
It would be too narrow a construction of this remedial statute to hold that the duties so prescribed does not extend to a coal *320 mine operator who accidentally or even intentionally goes beyond the limits of his lease.
The error in the court’s charge was vital and substantial and must be presumed to have influenced the jury in the rendition of the verdict.
The judgment of the court of common pleas, should, therefore be reversed and cause remanded for a new trial.
Femeding and Kimble, JJ., concur.